**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

JAMIE ROPER                                                                                  PETITIONER

V.                                                                                  NO. 2:10CV086-P-A

MARGARET BINGHAM                                                              RESPONDENT

**MEMORANDUM OPINION**

This cause comes before the court on the petition of Jamie Roper, inmate number 73187, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Roper was convicted of sexual battery in Quitman County, Mississippi. On September 7, 2006, Roper was sentenced, as an habitual offender, to thirty years imprisonment. Roper appealed his conviction and sentence which was affirmed on January 8, 2008. *See Roper v. State*, 981 So. 2d 1021 (Miss. App. 2008). A motion for rehearing was denied on April 29, 2008. Following the denial of his appeal and motion for rehearing, Roper failed to seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a). Instead, Roper filed a petition for post conviction review on June 25, 2009.[1] His petition was denied on August 14, 2009. Roper filed this, his federal habeas petition, on September 10, 2009.[2]

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

---

[1] The petition was signed on this date. It was received by the State Supreme Court on June 30, 2009.

[2] The petition was signed on this date. It was received by the Southern District, before being transferred here, on September 14, 2009.

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The one-year statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a petition for a writ of certiorari in the State Supreme Court. *See* M.R.A.P. 17(b). Since Roper failed to seek certiorari review the appeals process was stopped. *See Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Roper's judgment became final fourteen days after the Court of Appeals denied his motion for rehearing.

In the absence of any further review, Roper's sentence and conviction became final on May 13, 2008, the date on which his time for seeking further review in state court expired. Roper, therefore, had one-year or until May 13, 2009, to seek federal review of his judgment or "properly

file" an application for post-conviction relief in state court to toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2). A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.* The period is tolled for the length of time the motion is pending. *Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008).

As noted *supra*, Roper filed a petition for post conviction relief on June 25, 2009. Since his petition was not filed within the one-year limitations period or before May 13, 2009, the statutory tolling provision does not apply. 28 U.S.C. § 2244(d)(2). Plainly stated, Roper had until May 13, 2009, to seek federal habeas relief. Roper, however, did not file this petition until September 10, 2009, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 120 days beyond the expiration of the one-year limitations period.

The petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled under § 2244(d)(1)(B)-(D). A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). Equitable tolling will not be applied when the applicant failed to diligently pursue his rights. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). Ignorance of the law even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Larry v. Dretke*, 361 F.3d 890, 869-97 (5th Cir. 2004).

In an attempt to avoid the preclusive effect of the limitations period, Roper claims that he is actually innocent of the crime. It is well established that actual innocence is no grounds for federal habeas relief from a state-court conviction. *Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). Actual innocence is not an independently cognizable federal habeas claim. *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006); *see House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064, 2087, 165 L. Ed. 2d 1 (2006) (declining to resolve whether stand-alone actual innocence claims are viable). Claims of actual innocence are similarly not sufficient to justify

equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (claims of actual innocence are not relevant to the timeliness of the petition). Roper has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 31st day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE